NICHOLS, SHEPARD & CO., PLAINTIFFS IN ERROR, v. J. HAIL AND JACOB HOFFMAN, DEFENDANTS IN ERROR.

1.  **Warranty.** Defendants gave M. an order for a certain kind of thresher, on the back of which was a printed warranty; the order was presented to the agents of the plaintiffs; it was neither accepted, nor was the machine furnished; but M. acting for the agents sold the defendants, under a distinct contract, an old and different kind of thresher. *Held*, that the order and warranty did not apply to the machine furnished.

2.  ———: INSTRUCTIONS TO JURY. Where no warranty, either in fact or law, is involved in a contract for the sale of a thresher, *it is* error for the court to instruct the jury to inquire into or determine any question of warranty in such case.

ERROR from the district court for Cuming county. The cause was first brought here in 1876, and is reported in 4 Neb., 211. A new trial resulting in a verdict against the plaintiffs, the cause was again brought up by petition in error, but there being no final judgment entered, it was remanded to the district court for further proceedings. 5 Neb., 194. Judgment being there entered on the verdict, and the cause brought to this court, it was tried during the present term.

For any further understanding of the facts in the case reference may be had to 4 Neb., 210.

*Uriah Bruner*, for plaintiffs in error.

*R. F. Stevenson*, for defendants in error.

GANTT, J.

It appears from the record that the machine in question in this case was purchased by defendants from one Wm. Malchow; that sometime prior to the purchase of the same they gave to Malchow an order for a " Nichols & Shepard thresher and power of the latest patent and most modern improvements." Malchow testifies that he left with or sent this order to Hurford & Edgar, of Omaha, but they told him they could not furnish such machine, as the order was handed in too late, and all the machines they had ordered from the factory were sold; but that they showed him an old machine, which "was shipped from some place in Kansas," and had been exposed to the weather, and that this "machine had been repainted or varnished before it left Omaha and then sent to him," at West Point. And in answer to question seventy-four, he says: " I was agent of John T. Edgar and O. P. Hurford in selling this machine to Hoffman and Hail." Defendant Hoffman substantially testified that he got the machine from Mal-

39

chow, and at the time Malchow told him he could not get the machine ordered, that the order was handed in too late, but "Edgar had sent him a machine that he got from Kansas which had been exposed to the weather several years, was repainted and was a Nichols, Shepard & Co., machine of an old pattern, and if we wanted a machine we could have this," and that he told defendant Hail about it. Defendant Hail testified that he knew they did not get the machine ordered—that he knew the difference between the one for which the order was given and the one they received, and that about two weeks after they got the machine, the notes were given for it. It is therefore clear from the record that the order given for a machine was not acted on, and nothing was done under it. When stripped of all extraneous matter, the entire transaction resulted merely in a contract between the defendants and Malchow, as the agent of Hurford & Edgar, for the sale of the old machine to defendants, without any warranty whatsoever.

Now this case was heretofore tried in this court on error upon a very similar record of facts, and a mere reference to the determination of the questions presented in that case might be sufficient to dispose of the material questions raised in the case at bar. 4 Neb., 210. But it may be further observed that as there was not, either in fact or law, any question of warranty involved in the case, as shown by the record, it was error to instruct the jury to determine the question: "Was the machine the defendants received *warranted* expressly?" and also in instructing the jury as follows: "If you find the defendant has sustained damages by reason of the defective material or *breach of warranty* equal or superior to the amount of plaintiffs' claim at the commencement of this action, you will simply find for the defendant." These instructions would strongly tend to impress the minds of the jurors with the belief that the machine in

question was warranted by plaintiffs, and were calculated to, and no doubt did, mislead the jury in regard to the real facts of the case.

The judgment of the court below must be reversed, and the cause remanded for trial *de novo*.

REVERSED.